389 So.2d 48 (1980)
STATE of Louisiana
v.
Charley BROWN, Jr.
STATE of Louisiana
v.
Vernon BERNARD.
Nos. 67236, 67738.
Supreme Court of Louisiana.
September 19, 1980.
*49 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Richard J. Petre, Jr., Jeffery Bassett, Asst. Dist. Attys., for plaintiff-relator in both cases.
Roy Raspanti, New Orleans, for defendant-respondent, Charley Brown, Jr.
Milton Masinter, New Orleans, for defendant-respondent, Vernon Bernard.
CALOGERO, Justice.
This case presents the question whether R.S. 40:969(C) making criminal the "unknowing" as well as the intentional possession of Talwin is constitutional. Charley Brown, Jr., was charged by bill of information with possession of pentazocine (Talwin) in violation of R.S. 40:969(C). He filed a motion to quash the information alleging the unconstitutionality of the statute. The trial judge granted the motion to quash.
Defendant Vernon Bernard was likewise charged by bill of information with possession of Talwin in violation of the same statute. He also filed a motion to quash based upon the unconstitutionality of the statute and his motion was granted. We granted writs in both cases to determine the correctness of the rulings[1] and consolidated the two cases in this Court.
The statute which defendants were charged with violating makes it unlawful for any person "unknowingly or intentionally" to possess a controlled dangerous substance classified in Schedule IV except under circumstances not applicable here. The bills of information charging defendants read that each defendant did "wilfully and unlawfully" possess the controlled substance.
*50 Defendants' motions to quash challenged the statute as overbroad in making the unknowing possession of the substance criminal.
At the threshold, we must determine whether defendants have standing to challenge a portion of the statute with which they have not been charged. As a general rule a party does not have standing to challenge the constitutionality of a statute unless the application of that statute adversely affects him. The state argues that, because the bills of information charge only "willful" possession, defendants do not have standing to challenge the "unknowing" portion of the statute. Despite the language of the bill of information, evidence at trial could prove violation of R.S. 40:969(C) if the state only establishes that defendants possessed the drug unknowingly. C.Cr.P. art. 488 provides that when there is a variance between the allegations of an indictment and the evidence offered in support thereof, the court may order the indictment amended in respect to the variance, and then admit the evidence. A fair application of that article would seem to allow the state, upon not proving "willful" possession, but proving conduct which nevertheless violates the statute, to conform the information to the proof by deleting "wilfully" from the bill. Furthermore, if defendants seek to defend on the basis of unknowing possession of the substance, they are admitting guilt under the statute as written. Thus, it seems clear that defendants do not raise merely hypothetically adverse consequences flowing from the challenged language of the statute. There is more than a remote possibility that defendants could be found guilty under that portion of the statute which they argue is unconstitutional. Consequently, defendants do have standing to challenge the statute as overbroad in making criminal the "unknowing" possession of Schedule IV substances.
Having determined that defendants do have standing, we must consider their allegation that the statute is overbroad in its use of the word "unknowing." Initially, we observe the familiar proposition that "[t]he existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence." Dennis v. United States, 341 U.S. 494, 500, 71 S.Ct. 857, 862, 95 L.Ed. 1137 (1951). In a much cited passage from Morissette v. United States, 342 U.S. 246, 250-251, 72 S.Ct. 240, 243, 244, 96 L.Ed. 288 (1952), the United States Supreme Court observed:
"The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil. A relation between some mental element and punishment for a harmful act is almost as instinctive as the child's familiar exculpatory "But I didn't mean to," and has afforded the rational basis for a tardy and unfinished substitution of deterrence and reformation in place of retaliation and vengeance as the motivation for public prosecution. Unqualified acceptance of this doctrine by English common law in the Eighteenth Century was indicated by Blackstone's sweeping statement that to constitute any crime there must first be a `vicious will'."
The "vicious will" has been replaced with less colorful descriptions of the mental state required for a criminal act; nevertheless, intent generally remains an indispensable element of a criminal offense.
Although strict liability offenses do exist in the criminal law and do not in all instances offend constitutional requirements, these are limited in number and of a nature different from the statute being challenged here. For example, the law making it a crime for one to receive or possess a firearm which is not registered to him in the National Firearm Registration and Transfer Record was upheld because "one would hardly be surprised to learn that possession of hand grenades is not an innocent act. They are highly dangerous *51 offensive weapons..." United States v. Freed, 401 U.S. 601, 609, 91 S.Ct. 1112, 1118, 28 L.Ed.2d 356 (1971). Thus, even in Freed, the defendants were aware of the nature of the instrumentality they possessed. Conversely, the statute at issue here criminalizes unknowing possessing. It requires little imagination to visualize a situation in which a third party hands the controlled substance to an unknowing individual who then can be charged with and subsequently convicted for violation of R.S. 40:969(C) without ever being aware of the nature of the substance he was given. A situation such as the above does indeed offend the conscious. The "unknowing" possession of a dangerous drug cannot be made criminal.
We next examine the statute to discover whether it must be declared invalid in its entirety, or whether the offensive portion (the word "unknowingly") can be severed from the remainder of the statute. The history of R.S. 40:969(C) reveals that the word "unknowingly" was added to the statute by the legislature in 1973. Prior to that time, the statute condemned only knowing or intentional possession of a Schedule IV substance. Acts 1973, No. 207, which added the offensive language, contains a severability clause in Section 11:
"If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provision, items or applications, and to this end the provisions of this Act are hereby declared severable."[2]
It is a rule of law that the presence of a severability provision in a law is an admonition to the court of the intention that all valid provisions be retained in full effect, even though some provisions thereof be held invalid, and hence creates a presumption of severability in fact. State v. City of Baton Rouge, 215 La. 315, 40 So.2d 477 (1949). Reading the remainder of the statute with the offending part deleted shows that the valid portion is independent of the invalid portion. The remaining portion is capable of enforcement without the unconstitutional provision and is certainly reasonable in light of the entire act as it was originally drafted. Indeed, the legislature did pass this very statute without the offensive language. Acts 1972, No. 634; Acts 1970, No. 457. Where, as here, a single word is found offensive and that word was added to the statute as part of an act containing a severability clause, that word alone may be declared invalid and the remainder of the statute held to be constitutional.

Decree
Accordingly, we hold that the portion of the statute making it illegal "unknowingly" to possess a Schedule IV substance is unconstitutional. The remainder of the statute is valid and the trial courts' rulings sustaining the defendants' motions to quash are reversed and the cases remanded to the trial court for further proceedings in accordance with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] State v. Brown, 384 So.2d 803 (La. 1980); State v. Bernard, 385 So.2d 786 (La. 1980).
[2] This act amended several sections of the narcotics law, inter alia, adding "unknowingly" to both R.S. 40:969(C) and R.S. 40:970(C). Two other changes were made in R.S. 40:969(C).