FRED W. JONES, Jr., Judge.
The defendant Gray was charged in the Bossier City Court with the offense of criminal mischief as defined by Section 8-91(7) of the Bossier City Code, which provides:
It shall be unlawful for any person to commit the crime of Criminal Mischief. Criminal Mischief is the intentional performance of any of the following acts:
(7) Acting in a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others;
A motion to quash the charge, as based upon an unconstitutional ordinance, was denied. At the trial evidence established that on two occasions defendant was detected lurking in bushes adjacent to the complainant’s dwelling in Bossier City. The last incident resulted in his arrest. The trial judge found defendant guilty as charged. He was sentenced to pay a fine of $100 or serve 30 days in jail.
The defendant appealed his conviction to the 26th Judicial District Court, where it was affirmed. He then applied to this court for a writ of review, which was granted to consider his contention that the ordinance quoted above is unconstitutional because of vagueness and overbreadth. Vagueness
Under the “void-for-vagueness” doctrine a criminal statute must meet these two requirements to satisfy due process: (1) adequate notice to individuals that certain contemplated conduct is proscribed; and (2) adequate standards for those charged with determining the guilt or innocence of an accused. State v. David, 468 So.2d 1126, 1128 (La.1984).
The United States Supreme Court has held that a criminal statute must not admit of such arbitrary and discriminatory application as to allow judges and juries to pursue their personal predilections as to *1092 what conduct is or is not proscribed. Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974).
Adequate notice consists of language which allows ordinary men of reasonable intelligence to understand and obey the law. State v. Liuzza, 457 So.2d 664 (La.1984).
In Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968), appellants argued that the Mississippi Anti-Picketing Law was void because of vagueness. The act in question prohibited “picketing ... in such a manner as to obstruct or unreasonably interfere with free ingress and egress to and from any county ... courthouses ...” (emphasis added) Rejecting this contention, the court stated:
“The terms ‘obstruct’ and ‘unreasonably interfere’ plainly require no guessing at their meaning.”
Our Supreme Court in State v. McCoy, 395 So.2d 319 (La.1980) considered defendant’s assertion that La.R.S. 14:67.6 [defining theft of electric service] was unconstitutionally vague because of the use of terms such as “diverting”, “preventing” and “interfering(emphasis added) The court reasoned that the words complained of had well-understood meanings in the context of their use in the statute.
The meaning of a word in an ordinance may be ascertained from the meaning of other words with which it is associated. State v. Booth, 347 So.2d 241 (La.1977).
Looking to dictionary definitions of the words in question, we find that “annoy” is “to irritate, to bother, or make somewhat angry” [Webster’s New World Dictionary, 2d Concise Edition (1975)]; “disturb” is “... to move from a state of rest or regular order” [Black’s Law Dictionary, 5th Edition (1979) ]; “interfere” is “to ... infringe, encroach, trespass, disturb.” [Black’s, supra].
We conclude that the cited words, used in the context of this criminal ordinance, would be understood by a person of ordinary intelligence to include the type of conduct of which the defendant was found guilty, and would provide the trial judge with adequate standards for determining the guilt or innocence of the accused. Therefore, the ordinance is not void for vagueness.

Overbreadth

The dual constitutional infirmities of vagueness and overbreadth, although sometimes overlapping, are distinguishable. A vague statute describes conduct in a manner so unclear that it leaves intelligent people uncertain as to the limits of its application. An overbroad statute, on the other hand, may be clear about what it prohibits but stifles expression or conduct which is otherwise protected by the Constitution. The doctrine of overbreadth is particularly applicable where a law infringes upon expression or behavior protected by the First Amendment of the U.S. Constitution. State v. Cannon, 383 So.2d 389 (La.1980); State v. Newton, 328 So.2d 110 (La.1975).
The ordinance under attack here employs the same language as that used in La. R.S. 14:59(7). The constitutionality of the state law was challenged in State v. Wells, 283 So.2d 245 (La.1973) but was not considered because of a defect in the bill of information. However, in a concurring opinion, Justice Dixon expressed the view that the statute was unconstitutional because it infringed upon First Amendment rights.
The defendants in State v. Ganch, 268 So.2d 214 (La.1972), were charged with disturbing the peace [R.S. 14:103(A)(7) ], in that they “committed an act in such a manner as would foreseeably disturb and alarm the public.” (emphasis added) On appeal the convictions were reversed with the finding that the statute was susceptible of application to expression protected by Art. 1, § 3 of the Louisiana Constitution and the First Amendment of the U.S. Constitution and was, therefore, overbroad.
When the law involved prohibits expression protected by the First Amendment, a litigant may attack that law even *1093 though his particular conduct could constitutionally be made criminal by the law. Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Litigants are permitted to challenge the law, not because their own rights of free expression are violated, but because of a judicial presumption that the existence of the law may cause others, not before the court, to refrain from constitutionally protected speech or expression. Newton, supra.
We can readily envision situations in which constitutionally protected speech or expression would tend to “annoy, disturb, interfere with, obstruct, or be offensive to others.” When a court finds that an ordinance, such as the one under consideration, sweeps broadly into areas protected by the First Amendment, the proper disposition is to hold the ordinance unconstitutional on its face, as overbroad. Newton, supra.
For these reasons, we find Section 8-91(7) of the Bossier City Code, dealing with the offense of Criminal Mischief, to be overbroad and, consequently, unconstitutional; reverse defendant’s conviction in the Bossier City Court and the judgment of the 26th Judicial District Court affirming that conviction; and sustain the motion to quash the affidavit charging the offense.