KNOLL, Judge.
We granted this writ to determine whether LSA-R.S. 40:964, Schedule II, A(l) and (2) is unconstitutionally vague insofar as these provisions purport to control apomor-phine, an isoquinoline alkaloid of opium.
The defendant, John W. Lambert, Jr., a veterinarian, was indicted by the Lafayette Parish Grand Jury on three counts of distribution of a controlled dangerous substance, to-wit: apomorphine, in violation of LSA-R.S. 40:967. Defendant filed a motion to quash the indictment on the grounds that it failed to charge an offense punishable under a valid statute. Specifically, defendant argues that the statute is unconstitutionally vague in that what is made criminal in one paragraph is excepted from criminal responsibility in the next paragraph. The trial court denied the motion to quash.
The statute in question provides, in pertinent part:
“SCHEDULE II
A. Substances of vegetable origin or chemical synthesis. Unless specifically excepted or unless listed in another schedule, any of the following substances whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:
(1) Opium and opiate, and any salt, compound, isomer, derivative, or preparation of opium or opiate, excluding naloxone, and its salts, and excluding naltrexone and its salts, but including the following:
(a) Raw opium
(b) Opium extracts
(c) Opium fluid extracts
(d) Powdered opium
(e) Granulated opium
(f) Tincture of opium
(g) Apomorphine
(h) Codeine
(i) Ethylmorphine
(j) Etorphine hydrochloride
(k) Hydrocodone
(l) Hydromorphone — also commonly known as Dilaudid
(m) Metopone
(n) Morphine
(o) Oxycodone
(p) Oxymorphone
(q) Thebaine
(2) Any salt, compound, isomer, derivative, or preparation thereof which is chemically equivalent or identical with any of the substances referred to in Paragraph (1), except that these sub *552 stances shall not include the isoquino-line alkaloids of opium.”
Defendant contends that the statute is contradictory and thus invalid because in section (1) it controls apomorphine, yet in section (2) it specifically exempts from control the isoquinoline alkaloids of opium, one of which is apomorphine (“except that these substances shall not include the iso-quinoline alkaloids of opium”).
At the hearing on the motion to quash, defendant presented uncontroverted testimony which showed that apomorphine is an isoquinoline alkaloid of opium. Dr. Otha John Jacobus, a professor of organic chemistry at Tulane University and qualified as an expert in the chemistry of controlled substances, testified that apomorphine is indisputably an isoquinoline alkaloid of opium.
Statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible. State v. Brenner, 486 So.2d 101 (La.1986). Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. State v. Griffin, 495 So.2d 1306 (La.1986).
Under the “void-for-vagueness” doctrine, a criminal statute must meet two requirements to satisfy due process: (1) adequate notice to individuals that certain contemplated conduct is proscribed; and (2) adequate standards for those charged with determining the guilt or innocence of the accused. State v. David, 468 So.2d 1126 (La.1984).
In State v. Union Tank Car Co., 439 So.2d 377 (La.1983), the Louisiana Supreme Court explained just what these two requirements entail:
“In connection with the requirement of adequate notice, this court has held that a penal statute must describe unlawful conduct with sufficient particularity and clarity that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. State v. Baron, 416 So.2d 537 (La.1982); State v. Dousay, 378 So.2d 414 (La.1979); State v. Payton, 361 So.2d 866 (La.1978). Likewise, the requirement of adequate standards for ascertaining guilt mandates that a criminal statute mark boundaries ‘sufficiently distinct for judges and juries to administer the law in accordance with the legislative will.’ City of Baton Rouge v. Norman, 290 So.2d 865, 868 (La.1974). As explained by this court in the case of State v. Dousay, 378 So.2d 414, 417 (La.1979):
The constitutional requirement of definiteness is satisfied when the language of a criminal enactment ‘has a generally accepted meaning such that a person of ordinary intelligence would be given fair notice of what conduct is forbidden’, State v. Defrances, 351 So.2d 133, 135 (La.1977), or when ‘the crucial words [or] phrases in the criminal statute have a fixed and definite meaning, for the person of ordinary intelligence.’ State v. Cloud, 248 La. 125, 130, 176 So.2d 620, 622 (1965). When, as here, administrative regulations are accompanied by criminal sanctions, the United States Supreme Court has stated that ‘businessmen must not be left to guess the meaning of regulations.’ United States v. Mersky, 361 U.S. 431, 441, 80 S.Ct. 459, 465, 4 L.Ed.2d 423, 431 (1960).
The criminal code itself requires that penal statutes must be strictly construed and cannot be extended to cases not included within the clear import of their language, and that nothing is a crime which is not clearly and unmistakably made a crime. La.R.S. 14:3,14:7 State v. Truly, 211 La. 178, 29 So.2d 758 (La. 1947). The rules of strict construction applicable to the interpretation of penal statutes are also required in the interpretation of penal regulations. United States v. Mersky, 361 U.S. 431, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960); State v. Dousay, 378 So.2d 414 (La.1979).”
Applying these principles to the instant case, LSA-R.S. 40:964, insofar as it attempts to regulate apomorphine, fails to withstand constitutional scrutiny. It was clearly established that apomorphine is an *553 isoquinoline alkaloid of opium. The statute proscribes apomorphine in section one and excepts from the proscription isoquinoline alkaloids of opium in section two, thereby rendering the statute, as it pertains to apo-morphine, void of “sufficient particularity and clarity, that ordinary men of reasonable intelligence are capable of discerning its [statute] meaning and conforming their conduct thereto.” State v. Union Tank Car Co., supra. Persons of ordinary intelligence are not given fair notice of what conduct is forbidden. State v. Defiances, supra. This seems to be clearly contradictory to the doctrine that “nothing is a crime which is not clearly and unmistakably made a crime.” State v. Truby, supra. Accordingly, we find LSA-R.S. 40:964, as it pertains to apomorphine only, unconstitutional. Having so determined, we pretermit defendant’s remaining assignment of error.
DECREE
For the foregoing reasons, the ruling of the trial court is reversed and the motion to quash counts one, two, and three of the indictment are granted.
REVERSED.