KNOLL, Judge.
The defendant, Errol A. Meyers, was charged by bill of information with possession of apomorphine, a controlled dangerous substance in violation of LSA-R.S. 40:967(C). Defendant was tried by a six member jury and found guilty as charged. The sentencing court imposed a sentence of two years with the Department of Corrections, suspended, and placed defendant on supervised probation for a period of two years under the usual conditions of LSA-C.Cr.P. Art. 895; as a special condition of probation, defendant must pay a $15 per month probationary fee, a fine of $750 plus court costs and in default thereof, ninety days in the parish jail. The sentencing court allowed defendant to pay the fine and costs over a period of the first year of his probationary period. Defendant appeals his conviction, assigning as error the following: (1) the evidence was insufficient to support the conviction; (2) the trial court erred in denying the motion in arrest of judgment; and, (3) the trial court erred in denying the motion for a new trial. We find reversible error in defendant’s second assignment of error, therefore, we reverse defendant’s conviction and sentence, and discharge the defendant. We pretermit defendant’s remaining assignment of errors.
On March 28, 1985, Lieutenant Frank Tridico, Louisiana State Police, Criminal Investigations Bureau, Racing Investigations Unit Supervisor and Sergeant Danny Smith, Louisiana State Police, Criminal Investigations Section, Racing Investigations Unit were on a staff visit at the Delta Downs Racetrack in Vinton, Calcasieu Parish, Louisiana. State Steward Judy Dugas informed the two officers that she had received a complaint from the management at Delta Downs concerning narcotics sales, distributions and transactions that may have involved defendant, a licensed horse trainer.
Officer Tridico and Officer Smith proceeded to the back side of the racetrack and from the racing program, they ascertained that defendant had one horse entered in the eighth race. The officers then proceeded to the receiving bam (the barn ship-ins come in from other areas of the state) and located defendant. They advised him that they were appointed Stewards by the Louisiana State Racing Commission which gave them the authority to conduct inspections or searches on the back side of the racetrack. From a pat-down search of defendant, Officer Tridico found an empty syringe, a needle, and a brown colored vial with the label removed containing a liquid. Officer Smith took the seized items and shortly thereafter placed them in an evidence envelope which was submitted for chemical analysis by Laboratory Specialists, Inc. The results of the analysis showed that the compound in the vial was apomorphine.
In defendant’s second assignment of error, defendant argues that the trial court erred in denying his motion in arrest of judgment.
LSA-C.Cr.P. Art. 859 cites the grounds for arrest of judgment. The court shall arrest the judgment only on one or more of the following grounds: (1) the indictment is substantially defective, in that an essential averment is omitted; (2) the offense *971 charged is not punishable under a valid statute; (3) the court is without jurisdiction of the case; (4) the tribunal that tried the case did not conform with the requirements of Articles 779, 780 and 782 of this code; (5) the verdict is not responsive to the indictment, or is otherwise so defective that it will not form the basis of a valid judgment; (6) double jeopardy, if not previously urged; (7) the prosecution was not timely instituted, if not previously urged; and (8) the prosecution was for a capital offense or for an offense punishable by life imprisonment, but was not instituted by a grand jury indictment.
Defendant relies upon subsection two, that the offense charged is not punishable under a valid statute. The trial court ruled that LSA-R.S. 40:964, relative to the inclusion of apomorphine, was valid because the legislature had not yet changed the law.
The drug apomorphine was removed from the Federal Schedules entirely in 1976 and the Louisiana State Department of Health and Human Resources has determined that the drug no longer meets the requirements of law as a controlled substance. (The primary use of apomorphine in human beings is as an emetic and does not have any potential for abuse in human beings.)
In a recent decision by this court in the case entitled State of Louisiana v. John Lambert, Jr., 514 So.2d 550 (La.App. 3 Cir.1987), rendered October 1, 1987, we addressed this identical issue. In that case the defendant was indicted on three counts of distribution of apomorphine, a violation of LSA-R.S. 40:967. The defendant contended the statute was contradictory and thus invalid because LSA-R.S. 40:964 Schedule II, Subd. A(l) it controls apomor-phine, yet in Subd. A(2) it specifically exempts from control the isoquinoline alkaloids of opium, one of which is apomor-phine. It was clearly established that apo-morphine is an isoquinoline alkaloid of opium. We held that the statute proscribes apomorphine in section (1) and excepts from the proscription isoquinoline alkaloids of opium in section (2), thereby rendering the statute unconstitutional as it pertains to apomorphine.
In the present case, the defendant was prosecuted under the identical statute as the defendant in our recent decision mentioned above. For our reasons assigned in State of Louisiana v. John Lambert, Jr., the defendant’s motion in arrest of judgment should have been granted since the offense charged is not punishable under a valid statute.
DECREE
For the foregoing reasons, the defendant’s conviction is reversed, his sentence is vacated and set aside and the defendant is hereby ordered discharged.
REVERSED AND DISCHARGED.