715 So.2d 602 (1998)
STATE of Louisiana
v.
Onofre SERRANO.
No. 97-KA-0923.
Court of Appeal of Louisiana, Fourth Circuit.
June 17, 1998.
Harry F. Connick, District Attorney, Orleans Parish, Richard R. Pickens, II, Assistant District Attorney, New Orleans, for Plaintiff-Appellant.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for Defendant-Appellee.
SCHOTT, Chief Judge.
Defendant was charged with intentionally and knowingly exposing Deborah Harris to the AIDS virus, a violation of LSA-R.S. 14:43.5. He filed a motion to quash the bill of information on the ground that the statute is unconstitutionally vague. The trial court denied his motion to quash, he was convicted, and he was sentenced to one year at hard labor.
*603 Deborah Harris testified that she first had sexual intercourse with the defendant in October 1993, that they lived together between February 1994 and March or April of 1995, and they last had intercourse in August 1995. While they lived together, she found defendant's prescriptions for AZT and Bactrine; and, in November 1995, she found out that these medications were for the treatment of AIDS. She testified that defendant never told her that he was HIV-positive and that they never used condoms when they had sex. She testified that she tested positive for HIV in January 1996.
Dr. Dennis Sweenie, defendant's treating physician and director of the outpatient AIDS clinic at Charity Hospital, testified that defendant tested positive for HIV in 1991 and again in December 1993, that he signed a paper acknowledging that he had been told he was HIV-positive, but that he had not yet developed AIDS.
Defendant admitted that he and Ms. Harris had had intercourse and that he had not told her he was HIV-positive. He testified that he really did not know what was wrong with him and did not understand what HIV was. He further testified that in 1960 he had been told he had "positive" blood. He also admitted that he and Ms. Harris did not use condoms when they had sex.
Dr. Louise McFarland, the chief epidemiologist for the state, was asked when the term "acquired immunodeficiency syndrome virus" was used did she automatically correlate it with the human immunodeficiency virus. She replied that she did and that most lay people certainly did. She also testified that all of the people in the state who had been diagnosed with AIDS were found to have been infected with HIV.
Dr. Arthur Gotleeb, chairman of the immunology and microbiology department at Tulane Medical School, testified that AIDS was a clinical definition that encompassed twenty-nine or thirty different clinical conditions which are present in the antibody to the "Human Immune Deficiency Syndrome." He further testified that a person can test positive for HIV and not have AIDS and that there is a small percentage of persons who have AIDS but who have not tested positive for HIV. Dr. Gotleeb also testified that it would not be correct to use the term AIDS virus and that it was a sloppy term.
An examination of the record for errors patent revealed none..
By his sole assignment of error, defendant complains that the trial court erred in denying his motion to quash the bill of information because La.R.S. 14:43.5 is unconstitutionally vague in that there is no such thing as an AIDS virus. He also argues that if the statute is deemed constitutional, the alternative is to find that there was no evidence to support the charge because until an actual AIDS virus is found, no one can be convicted of violating the law.
La.R.S. 14:43.5 (as amended in 1993) provides, in part:
A. No person shall intentionally expose another to any acquired immunodeficiency syndrome (AIDS) virus through sexual contact without the knowing and lawful consent of the victim.
B. No person shall intentionally expose another to any acquired immunodeficiency syndrome (AIDS) virus through any means or contact without the knowing and lawful consent of the victim.
Statutes are presumed valid and the constitutionality of a statute should be upheld whenever possible. State v. Brenner, 486 So.2d 101 (La.1986). The party challenging the statute bears the burden of proving its unconstitutionality. State v. Griffin, 495 So.2d 1306 (La.1986). The constitutional guarantee that an accused shall be informed of the nature and cause of the accusation against him requires that penal statutes describe unlawful conduct with sufficient particularity and clarity that ordinary persons of reasonable intelligence are capable of discerning their meaning and of conforming their conduct thereto. State v. Azar, 539 So.2d 1222 (La.1989). In determining the meaning of a statute, and hence its constitutionality, penal statutes must be "given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." Id. (quoting La.R.S. 14:3).
*604 In State v. Gamberella, 633 So.2d 595 (La. App. 1st Cir.1993), writ denied 94-0200 (La. 6/24/94), 640 So.2d 1341, the court considered the constitutionality of La.R.S. 14:43.5. In rejecting the defendant's argument that the statute was unconstitutionally vague, the court stated:
Defendant further notes that phrase "acquired immunity deficiency syndrome (AIDS) virus" is a misnomer because the actual virus is the human immunodeficiency virus (HIV). AIDS is not the virus, but, rather, is a clinical syndrome which is diagnosed when a person, who is infected with the HIV virus, develops one of a certain list of infections. Despite the legislature's failure to correctly label the virus which causes AIDS, the language of the statute is not vague. As Dr. Brandon testified, although the medical community makes a distinction between a person being HIV positive and having AIDS, "people have called it for years the AIDS virus."
Id., 633 So.2d at 602-603 (footnote omitted).
The trial court did not err in denying defendant's motion to quash the bill of information on the basis of the alleged unconstitutional vagueness of La.R.S. 14:43.5. As noted by Dr. Louise McFarland, most people correlated the term "AIDS virus" with the human immunodeficiency virus or HIV. Dr. Arthur Gotleeb, the expert witness for the defense, called "AIDS virus" a sloppy term but admitted that he had heard it used. The intent of the statute is to criminalize the intentional transmission of the virus that causes AIDS. We agree with the Gamberella case that the language of the statute is not vague.
Defendant alternatively argues that there was no evidence to support the charge because a person can have AIDS but not be HIV-positive or be HIV-positive and not have AIDS and that until an AIDS virus is discovered, no one can be convicted of violating the law.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988).
The State proved beyond a reasonable doubt that defendant intentionally exposed Deborah Harris to the virus that causes AIDS through sexual contact with her and without her knowledge or lawful consent. He signed a form acknowledging that in December 1993 he was informed that he was HIV-positive, and he admitted that he never told her about it while they were in a sexual relationship which lasted until August 1995.
The conviction and sentence are affirmed.
AFFIRMED.