354 So.2d 493 (1977)
STATE of Louisiana
v.
Charles HOLSTEAD.
No. 59474.
Supreme Court of Louisiana.
December 27, 1977.
*494 John S. C. Massey, West Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Johnny C. Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Charles Holstead was charged by bill of information with seven counts of indecent behavior with juveniles in violation of La.R.S. 14:81. After trial before a judge, defendant was found guilty as charged on all seven counts and was sentenced to pay a fine of two hundred dollars on each count, in default of which he was to serve forty days imprisonment on each count, plus court costs as to count one.
Because the total of the sentences imposed on the accused exceeds five hundred dollars (and in event of default, exceeds six months), defendant has a right of appeal. La.Const. art. V, § 5(D); State v. McCarroll, 337 So.2d 475 (La.1976). On appeal, defendant relies upon seven assignments of error for reversal of his convictions and sentences.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial judge erred in denying his motion for a severance in which he alleged that he could not obtain a fair trial if tried simultaneously on the seven counts contained in the bill of information. In that motion he alleged that the *495 fact that he was accused of seven lewd acts with seven young girls would create an atmosphere in which he would be found guilty of all charges because of the abhorrent nature of the crimes involved and the difficulty on the part of the trier of fact of keeping separate the evidence of seven distinct crimes.
When a criminal defendant has been charged in a single indictment with multiple offenses pursuant to Code of Criminal Procedure Article 493, he may, should he wish to have those consolidated charges tried separately, move for a severance under Article 495.1. That article provides in full that:
"The court, on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever:
(a) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
(b) if during the trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The Court shall consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense."
Because we now consider this article in relation to a pretrial motion for severance, it is the standard of section (a) which applies: namely, whether severance is "deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." C.Cr.P. art. 495.1(a). In such a situation, we have held that one of the critical questions to be determined by the trial judge presented with a severance motion is "whether, in view of the number of offenses charged and the complexity of the evidence . . . offered, the trier of fact (could) distinguish the evidence and apply the law intelligently as to each offense." C.Cr.P. art. 495.1; State v. Proctor, 354 So.2d 488 (La.1977). A second issue to be decided in a case such as this one is whether the offenses joined because they are of the "same or similar character" under Article 493 (as opposed to "same transaction" or "common plan" joinder), are admissible as similar acts under R.S. 15:445 and 446. State v. Carter, 352 So.2d 607 (La.1977). We will consider these issues seriatim.
In relation to the first question, when a defendant claims that the number and complexity of the charges against him should cause the trial judge to grant him a severance of the offenses for separate trials, we have said that an appellate court evaluating the judge's denial of defendant's motion will examine the case for these problems:
"the jury may become confused in trying to apply the applicable law and evidence to the correct offense; that the jury may consider that a person charged with doing so many things is a bad man who must have done something, a feeling that might lead to a cumulation of the evidence; that the judge might find it difficult to adequately charge a jury as to the law with respect to each offense; that the prosecutor may find it troublesome to present his evidence in a compartmentalized and understandable manner; and that a defendant may be confounded or embarrassed in his defense because of the sheer number or complexity of the charges against him. See: United States v. Catena, 500 F.2d 1319 (3rd Cir. 1974); United States v. Clayton, 450 F.2d 16 (1st Cir. 1971); Daly v. United States, 119 U.S.App.D.C. 353, 342 F.2d 932 (1964); Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964); United States v. Quinn, 365 F.2d 256 (7th Cir. 1966); United States v. Lotsch, 102 F.2d 35 (2nd Cir. 1939); United States v. Moreton, 25 F.R.D. 262 (W.D.N.Y.1960); Wright, 1 Federal Practice and Procedure § 222, p. 435; 8 Moore's Federal Practice §§ 8.05[2], 14:03. Moreover, there is no doubt that the greater the number of offenses charged and the degree of their complexity, the greater the likelihood of the occurrence of any or all of these *496 dangers. 8 Moore's Federal Practice § 8.02[1]." State v. Proctor, supra at 491.
In the case now before us, defendant Holstead was charged with committing on separate occasions lewd and lascivious acts with seven young girls. The evidence in the case consisted primarily of the testimony of the seven victims who each described a number of occurrences which were simple, clear and largely identical in nature. The offense proscribed by R.S. 14:81 and with which defendant was charged is a fairly simple one which has only a few elements. See State v. Edwards, 283 So.2d 231 (La.1973). And since all charges were for a violation of the same statute, there should have been no confusion in the application of the law to the various incidents. Under these circumstances and irrespective of the fact that seven offenses might normally be viewed as too large a number for one trial, we find that the simplicity of the violations and non-complex nature of the evidence rendered the case appropriate for trial in a joined situation. We therefore find in this case that the trier of fact could compartmentalize the evidence and apply the law intelligently as to each offense, and that defendant was not unfairly convicted on the basis of prejudice or confusion instead of on the evidence of his crimes. C.Cr.P. art. 495.1; State v. Proctor, supra. We next turn to a consideration of the second question: whether the offenses, joined under Article 493 because they are of the "same or similar character" are admissible as similar acts under R.S. 15:445, 446. In State v. Carter, supra. In Carter case confronted for the first time with having to interpret the offense severance statute, we held that "if evidence of the two robberies of which defendant Carter stands convicted would have been respectively admissible at separate trials as `res gestae' or `other crimes,' such evidence in support of the two crimes in a single trial would be equally permissible." There we found error in the judge's denial of severance because the two robberies, joined only because they were of the "same or similar character" under Article 493, were not admissible as res gestae and were not so similar as to be mutually admissible for identity purposes as "similar offenses" under Revised Statute 15:446. We found that severance was appropriate to promote a fair determination of defendant's guilt or innocence of each offense, and reversed the trial judge's denial thereof. C.Cr.P. art. 495.1. The considerations which caused us to reverse defendant Carter's convictions are not present in the instant case.
Revised Statute 15:445 tells us that evidence is admissible of similar acts independent of the act charged as a crime in the indictment in order to show intent. And Revised Statute 15:446 says that when intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent. In this case intent indeed forms an essential part of the inquiry, for defendant is charged with R.S. 14:81 which proscribes doing a lewd or lascivious act upon the person or in the presence of any child under the age of seventeen with the intention of arousing or gratifying the sexual desires of either person. One cannot be found guilty of violating this statute unless he has formed the requisite specific intent. Since intent is subject of inquiry in the case, similar acts throwing light on that intent are admissible. R.S. 15:445, 446. State v. Ledet, 345 So.2d 474 (La.1977); State v. Frederick, 340 So.2d 1353 (La.1976); State v. Hicks, 301 So.2d 357 (La.1974).
In the case at bar, defendant Holstead was accused of committing lewd and lascivious conduct with and in the presence of seven young girls, all of whom were about twelve years old.
The respective incidents with each of the children, or one or more such incidents, however seemingly sexually oriented, might nonetheless have been viewed by the fact-finder, constrained to acquit absent proof beyond a reasonable doubt, as not fully purposeful or clearly designed to arouse or gratify sexual desires. It was therefore advisable and proper for the state to introduce *497 other similar incidents to strengthen the state's effort to prove that defendant's conduct was with the required specific criminal intent. As we have already related, the Code of Criminal Procedure specifically allows the admission of similar acts in order to show intent. R.S. 15:445. We therefore find that the similar acts in question were relevant to the issue of intent on each of the other crimes. We further find that the prejudicial effect of the evidence of the extraneous crimes in a severed situation would not have outweighed their probative value as to any of the other crimes and likewise would not in the joined trial. State v. Carter, supra; State v. Ledet, supra; State v. Frederick, supra. Each crime was of approximately the same character on its facts (none was more aggravated than the others) and each was a violation of the same criminal statute.
For these reasons, we find that the crimes in question were mutually admissible as similar acts under R.S. 15:445 and 446, and that the trial judge's denial of defendant Holstead's severance motion was correct in that no severance was needed "to promote a fair determination of the defendant's guilt or innocence of each offense." C.Cr.P. art. 495.1. Assignment of error number one lacks merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 4
Defendant contends that the trial judge erred in denying his motions to quash the bill of information. In that motion he alleged, inter alia, that the statute pursuant to which he was charged, namely La.R.S. 14:81, is vague and indefinite in violation of the federal and state constitutions in that it failed to adequately inform him of the nature and cause of the accusation against him.[1] He argues that the words "lewd" and "lascivious" contained in the statute have reciprocal meanings and thus in fact have no meaning at all. In turn the state asserts that the terms "lewd" and "lascivious" have been previously interpreted by this Court and that La.R.S. 14:81 has been held to be constitutionally acceptable.
Indecent behavior with juveniles is defined in La.R.S. 14:81:
"Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense." (emphasis added)
Defendant's contention that the terms "lewd" and "lascivious" in La.R.S. 14:81 are vague and indefinite has been met by this Court in previous decisions. In State v. Prejean, 216 La. 1072, 1078-79, 45 So.2d 627, 629-30 (1950), it was stated:
The words "lewd" and "lascivious" found in the statute are not vague and indefinite. On the contrary, they have a well defined, well understood, and generally accepted meaning, and by their use an accused is informed of the nature of the act he is alleged to have committed. The word "lewd" means lustful, indecent, lascivious, and signifies that form of immorality which has relation to sexual impurity or incontinence carried on in a wanton manner. The word "lascivious" means tending to excite lust, lewd, indecent, obscene, relating to sexual impurity, tending to deprave the morals in respect to sexual relations. See Black's Law Dictionary (DeLuxe Ed.). Moreover, we are entitled to study these words in their context, and, when we do this, there can be no possible doubt as to their import here. These words are used in the statute to describe an act done "with the intention of arousing or gratifying the sexual desires", so that, by the bill of information as worded, the accused is fully informed of the nature and cause of *498 the offense charged, that is, that he is charged with having done an act upon the person of a juvenile which is lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and relating to sexual impurity or incontinence carried on in a wanton manner.
Likewise in State v. Milford, 225 La. 611, 73 So.2d 778 (1954), and State v. Saibold, 213 La. 415, 34 So.2d 909 (1948), La.R.S. 14:81 was held to be certain and definite enough to withstand constitutional attack on the basis of vagueness. In Saibold the court explained that when the term "lewd" is associated with the word "lascivious" it connotes actions or gestures of a lustful or lecherous nature. Moreover, the necessity that the act be committed with the intent of arousing sexual desires gives to the words an even more confined meaning. Therefore, La.R.S. 14:81 adequately informs a defendant of the nature and cause of the charge against him, and is thus not constitutionally infirm. The trial judge did not err in denying defendant's motions to quash the bill of information. Assignments of error numbers two and four are without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 6
Defendant contends that the trial judge erred in denying his motions to quash the bill of information and his motion in arrest of judgment. He argues that the motions should have been granted in that the bill of information was fatally defective since it omitted an essential element of the crime of indecent behavior with a juvenile, namely that defendant was over the age of seventeen. The state contends that defendant did not raise this alleged deficiency timely in that it was not asserted by him at the hearing on the motion to quash the bill of information. Rather the state argues that because defendant raised the specified deficiency in the bill of information for the first time at the close of the state's evidence in his motion for a directed verdict of acquittal the issue was not timely raised and was thereby waived.
The bill of information charged defendant with seven counts of committing lewd and lascivious acts upon the persons and in the presence of seven named juveniles under the age of seventeen with the intention of arousing and gratifying the sexual desire of either him or the respective seven persons in violation of La.R.S. 14:81. Although defendant is admittedly over forty years old, the bill of information failed to allege that defendant was over the age of seventeen as is required by the statute. R.S. 14:81. In his motion to quash and in his argument at its hearing, defense counsel did not assert that the bill of information was defective in that it omitted the fact that defendant was over the age of seventeen. Rather in argument he contended that the specific acts of indecent behavior should have been described in the bill of information.
As stated in State v. Edwards, 283 So.2d 231 (La.1973), the fact that a defendant is over the age of seventeen is an essential element of the crime of indecent behavior with juveniles in violation of La.R.S. 14:81. Therefore, defendant's contention has some merit. However, defendant did not assert this defect until during trial. No surprise or prejudice of any kind has been shown by defendant to have resulted from the omission in the bill of information. In view of the reference to the charge as being in violation of La.R.S. 14:81, there was no doubt as to the offense charged. Moreover no defense to the charge was available to defendant, a forty-eight year old man, on the basis of his age which might have been prejudiced by the omission. Based on these facts we find that our decision in State v. James, 305 So.2d 514 (La.1974) is applicable to the instant situation, and hence the trial judge did not err in denying defendant's motions to quash the bill of information and in arrest of judgment. Assignments of error numbers three and six are without merit.

ASSIGNMENTS OF ERROR NOS. 5 AND 7
Defendant contends that the trial court erred in admitting in evidence the testimony *499 of Deputy Sheriff Alfred Calhoun which related a statement made by defendant as to his age at the time of the commission of the offenses with which he was charged on the grounds that such testimony constituted hearsay and pertained to facts beyond the allegations contained in the bill of information. Defendant further argues that his statement was not admissible in that it was elicited prior to his being informed of his Miranda, rights. But for the improper admission of Calhoun's testimony in evidence, defendant contends, there was no evidence contained in the record as to his age and hence the verdict of the trial court was contrary to the law and the evidence.
The minutes reflect that prior to trial the state gave notice of its intention to introduce inculpatory statements made by defendant. Although such notice was not filed in the record, the transcript of the trial reveals that such statements were made by defendant on May 12, 1976 at approximately 4:45 p. m. at the Ouachita Parish Courthouse. At trial Deputy Sheriff Alfred Calhoun testified that about 3:45 p. m. on the above mentioned date he questioned defendant at the courthouse in the presence of Deputy John Rutledge and Louis George. He testified that prior to this questioning defendant was orally advised of his Miranda rights. Defendant indicated that he understood them and expressed a desire to speak. Defendant then was asked his age and date of birth, to which he responded that he was forty-eight years old and was born on September 12, 1927. After about an hour of questioning defendant was presented with a waiver of rights form which he read and signed. A recorded statement was then taken from him.
Defense counsel objected to this testimony solely on the grounds that defendant's statement as to his age was an inculpatory statement of which the state had failed to give adequate notice of its intention to introduce, and that such statement had been made prior to defendant's being informed of his Miranda rights. In overruling these objections the trial court noted that the notice given by the state was sufficient in that it stated that inculpatory statements made by defendant on May 12, 1976 at approximately 4:45 p. m. would be introduced and that the evidence established that defendant was advised of his Miranda rights prior to interrogation.
Defendant did not object to the testimony of Deputy Sheriff Calhoun on the grounds that such testimony constituted hearsay and went beyond the allegations contained in the bill of information. Rather, these bases of the objection were raised for the first time on appeal. It is well settled that a new basis for an objection cannot be raised for the first time on appeal. State v. Marks, 337 So.2d 1177 (La.1976); State v. Powell, 325 So.2d 791 (La.1976). Hence, they are not subject to review.
The record clearly indicates that defendant was questioned concerning his age and date of birth after he was advised of his Miranda rights. With respect to his contention that the notice which was served upon him as required by Art. 768 C.Cr.P. covered only a recorded statement and did not include an oral statement made prior to the recorded statement, we conclude that the argument is non-meritorious.
In the first place, we doubt that an admission of one's age is an inculpatory statement that must be noticed under Article 768. Secondly, since both oral and recorded statements were taken at the same sitting and since counsel had knowledge of both, there was no prejudice to the defendant regardless of the technicality of the difference in times listed. State v. Sneed, 316 So.2d 372 (La. 1975).
In view of Deputy Sheriff Calhoun's admissible testimony as to defendant's age and date of birth, there was some evidence as to the complained-of element of the crime of indecent behavior with juveniles, namely, defendant's age.
For the above reasons, assignments of error numbers five and seven are without merit.

*500 Decree

For the reasons assigned, we affirm defendant's convictions and sentences.
AFFIRMED.
DIXON, J., concurs.
NOTES
[1] In assignment of error number 2 defendant had also contended that the bill of information was duplicitous in that it charged him with committing lewd and lascivious acts "upon the person" of a juvenile and "in the presence of" a juvenile. However, in brief, defendant expressly abandons this contention.