416 So.2d 537 (1982)
STATE of Louisiana
v.
Stanley J. BARON.
No. 81-KA-2626.
Supreme Court of Louisiana.
June 21, 1982.
*538 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, John Sinquefield, Asst. Dist. Attys., for plaintiff-appellee.
William D. Grimley, Baton Rouge, for defendant-appellant.
DENNIS, Justice.[*]
Defendant, Stanley J. Baron, was convicted by a judge of conspiracy to commit aggravated arson, La.R.S. 14:26; 51, and sentenced to a suspended four-year term of hard labor imprisonment subject to five years' probation conditioned upon his incarceration for one year in jail. Defendant appeals and files six assignments of error.
ASSIGNMENT OF ERROR NO. 1
Defendant contends the evidence was constitutionally insufficient to support a conviction. We reject this argument as being wholly without merit. There was abundant evidence that the defendant conspired with two other persons to fire bomb the house trailer in which his wife was residing with her parents and that defendant's co-conspirators actually set fire to the trailer while people were inside. Although the defendant was not present when the fire was set, he knew that his wife and her parents resided in the trailer and that there was a good possibility they would be inside when the fire was set.
ASSIGNMENT OF ERROR NO. 2
Defendant contends that the statute defining the crime of aggravated arson is unconstitutionally vague. This assignment is without merit.
At the time of the offense, La.R.S. 14:51 provided that aggravated arson is "* * * the intentional damaging by any explosive substance or the setting fire to any structure ... or movable whereby it is foreseeable that human life might be endangered." La.R.S. 14:2(5) provides that, in the criminal code, the word "foreseeable" refers to "that which would ordinarily be anticipated by a human being of average reasonable intelligence and perception." This is the sense in which the word foreseeable is commonly understood. Accordingly, the criminal code makes punishable as aggravated arson the intentional setting fire to any structure or movable whereby a person of reasonable intelligence and perception would anticipate that human life might be endangered. These terms are not too vague to serve as a constitutionally adequate definition of a crime. The constitutional guarantee that an accused shall be informed of the nature and cause of the accusation against him requires that penal statutes describe unlawful conduct with sufficient particularity and clarity that ordinary persons of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. State v. Payton, 361 So.2d 866 (La.1978). The aggravated arson statute complies with this safeguard.
ASSIGNMENT OF ERROR NO. 3
Defendant contends that this court in State v. Bonfanti, 254 La. 877, 227 So.2d 916 (La.1969) construed the aggravated arson statute to require that the offender must be present at the setting of the fire in order to be guilty of the crime. Defendant's interpretation of the opinion is incorrect. In Bonfanti this court held that aggravated arson includes "acts of setting fire to a building or movable ... which is either occupied or so located that persons might be physically present in or near it when the fire commences and their lives endangered; and that it was not the intention of the legislature by the most recent enactments *539 to enlarge coverage to those who might voluntarily come to the scene of the fire after it has been started." Id. 227 So.2d at 917. The limiting construction of the statute relates to the proximity of possible victims at the time the fire is set, not to the whereabouts of the arsonist.
ASSIGNMENTS OF ERROR NOS. 4, 5 and 6
We have reviewed these assignments and find that they lack any merit. Defendant failed to preserve assigned error number four for our review by his failure to object to the trial court's ruling. The sentence is clearly not excessive, and the trial judge's sentencing choice is clearly illumined by the record. The defendant's complaint of ineffective assistance of trial counsel, assigned as error number six, is not considered in this review, but defendant may urge it in seeking a post-conviction remedy.
NEW TRIAL MOTION
After oral argument in this court the defendant filed a motion for a remand of the case to the trial court for its consideration of a motion for a new trial based on newly discovered evidence. Defendant filed the new trial motion as part of his request for remand.
We reject the motion to remand because the new trial motion is clearly without merit. A new trial shall be granted when new and material evidence that, notwithstanding the exercise of reasonable diligence by defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it probably would have changed the verdict or judgment of guilty. La.C.Cr.P. art. 851. In his new trial motion, defendant asserts that he has discovered since trial that his co-conspirators made two statements prior to trial inconsistent with their testimony and that he has discovered a new witness who will provide an alibi for his co-conspirators. It is alleged that the co-conspirators first said the defendant had nothing to do with the arson and later claimed he actually accompanied them to the scene before testifying that he conspired to commit arson without participating in the actual setting fire to the trailer. Even assuming the exercise of reasonable diligence, it is clear that if the evidence had been introduced at trial it is not probable that it would have changed the judgment of guilty. The evidence is overwhelming that the defendant instigated the aggravated arson as a means of vengeance against his wife and her parents. The co-conspirators, who had no motive for the offense other than compensation by the defendant, confessed to the crime, pleaded guilty to aggravated arson, and testified convincingly against the defendant at his trial. Our review of the entire record convinces us that it is highly improbable the alleged newly discovered evidence described in defendant's motion would have caused the trial judge to acquit the defendant.
The defendant's conviction and sentences are affirmed.
AFFIRMED.
NOTES
[*] Judges Israel M. Augustine, Jr. and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, and H. Charles Gaudin of the Court of Appeal, Fifth Circuit, participated in this decision as Associate Justices pro tempore, joined by Justices Calogero, Dennis, Watson and Lemmon.