In re Frazier, Eugene, Jr.; — -Plaintiff; Applying for Supervisory and/or Remedial Writs, Parish of Sabine, 11th Judicial District Court Div. B, Nos. 49586; to the Court of Appeal, Third Circuit, No. KH 02-00455.
PER CURIAM.
Writ granted in part; otherwise denied; case remanded to the court of appeal. Though “[rjesentencing alone does not restart” the prescriptive period for filing for post-conviction relief once a conviction and sentence have both become final, State ex rel. Rushing v. Whitley, 93-2722 (La.11/13/95), 662 So.2d 464, the prescriptive period does not initially begin to run until “the judgment of conviction and sentence shall have become final under the provisions of Article 914 or 922 ...” La.C.Cr.P. art. 930.8(A); State ex rel. Wilson v. State, 01-1464 (La.3/15/02), 812 So.2d 622. Because relator’s “conviction and sentence” did not become final until this Court denied "writs in November, 2001, La.C.Cr.P. art. 922(D), his application for post-conviction relief of March, 2002, was timely filed.