868 So.2d 9 (2004)
STATE of Louisiana
v.
Cristhian INTERIANO.
No. 2003-KA-1760.
Supreme Court of Louisiana.
February 13, 2004.
*11 Hon. Charles C. Foti, Jr., Attorney General, Hon. Paul D. Connick, Jr., District Attorney, Alan D. Alario, II, Terry M. Boudreaux, Frank A. Brindisi, Andrea F. Long, Assistant District Attorneys, Counsel for Applicant.
Dennis C. Kronlage, New Orleans, Counsel for Respondent.
KIMBALL, Justice.
This case is before us on a direct appeal from a judgment by the district court which granted defendant's motion to quash his indictment and declared unconstitutional La. R.S. 14:81(A). This statute provides that "[i]ndecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person." For the reasons that follow, we find that the lower court erred in considering attenuated hypothetical applications of La. R.S. 14:81(A) in ruling the statute unconstitutional and we find a narrowing construction of the statute provides adequate notice to a person of ordinary intelligence and understanding of what conduct is proscribed and an adequate evidentiary standard for jurors to determine *12 guilt or innocence. Accordingly, we reverse the district court's finding that La. R.S. 14:81(A) is unconstitutional and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
On April 14, 2002, investigators from the Kenner Police Department questioned 19-year-old defendant, Cristhian Interiano,[1] regarding a report they received from his 10-month-old daughter's pediatrician that the infant had tested positive for gonorrhea. Whether the defendant has ever tested positive for gonorrhea is disputed and his medical records were not placed into evidence. Nonetheless, during the initial interview, the defendant admitted that, from time to time, he would lie on the living room couch while masturbating and watching pornography, sometimes while his daughter played or slept on the floor nearby.
On June 4, 2002, on the basis of his earlier admission, police arrested the defendant, and served him with a Louisiana Uniform Abuse Prevention Order the following day. The state subsequently charged him with indecent behavior with juveniles under La. R.S. 14:81(A), which provides:
Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person.
Thereafter, the defendant filed a motion to quash the indictment in which he claimed that La. R.S. 14:81(A) is unconstitutionally vague, overbroad, and ambiguous, as it fails to define the terms "lewd and lascivious" and "in the presence of." The defendant also contended that the statute, as applied, violates his Art. I, § 5 right to privacy under the Louisiana Constitution, and that the penalty provisions are excessive.
On February 11, 2003, the trial court granted the defendant's motion to quash, finding merit in his arguments regarding vagueness and ambiguity.[2] Specifically, the trial court set out the alleged facts of the case and noted that the 10-month-old infant was almost certainly in no way aware of the defendant's actions or was apparently not connected to them other than by virtue of her position on the floor of the same room. The trial court further noted that the word "presence" as used in the statute could have applied under one interpretation to someone in the same room, while under another interpretation to someone merely in the same house. Finally, the trial court found vague the requirement of the sexual arousal of only one of the two persons present.[3] A magistrate *13 dissolved the protection order soon after the trial court's ruling.
This court docketed the case as an appeal. La. Const. Art. V, § 5. The issue presented for our consideration is whether La. R.S. 14:81(A) is unconstitutionally vague, overbroad or ambiguous.

LAW AND DISCUSSION
As a general matter, a statute is presumed to be constitutional, and the burden of showing otherwise falls to the challenger. State v. Muschkat, 96-2922, pp. 4-5 (La.3/4/98), 706 So.2d 429, 432. Further, criminal statutes are given a genuine construction according to the fair import of their words, taken in their usual sense, in context, and with reference to the purpose for the provision. La. R.S. 14:3; Muschkat, 96-2922 at 4-5, 706 So.2d at 432; State v. Griffin, 495 So.2d 1306, 1308 (La. 1986). Additionally, when the constitutionality of a statute is at issue, and under one construction it can be upheld, while under the other it cannot, a court must adopt the constitutional construction. State v. LeCompte, 406 So.2d 1300, 1311 (La.1981). Therefore, a court may avoid constitutional problems by adopting a narrowing construction of the statute as long as that interpretation remains consistent with the overall purpose behind the legislation. Muschkat, 97-2765 at 10, 706 So.2d at 434 (stating "[w]hile we recognize our duty to interpret statutes in a manner consistent with our state and federal constitutions, we may only preserve a statute by a constitutional construction provided that the saving construction is a plausible one.") (citations omitted). In addition to criminal statutes being strictly and narrowly construed, any ambiguity must be resolved in favor of the accused. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Carr, 99-2209 (La.5/26/00), 761 So.2d 1271.
La. R.S. 14:81(A)
In challenging the trial court's ruling, the state contends that the trial court erred in ruling La. R.S. 14:81(A) unconstitutionally vague and ambiguous by pointing out that this court, on previous occasions, has rejected a similar attack on the alleged vagueness of the language "lewd and lascivious" in La. R.S. 14:81(A). See, e.g., State v. Holstead, 354 So.2d 493, 497-98 (La.1977). The state also argues that, while the court has not given a definitive interpretation of the language "in the *14 presence of," any person of ordinary intelligence would understand that, whatever hypothetical applications the statute might have in other situations, masturbating with a child present in the same room falls within the compass of the statute. Further, the state contends that the legislative intent behind the statute is concerned with protecting children from being present during lewd and lascivious acts, not with their being used as an object of sexual gratification. Thus, the state argues that the statute does not require the child be aware of the acts nor that the defendant perform the acts because the child was in the room. Therefore, in the state's view, a broad application of the statute is warranted given the compelling state interest in protecting children from the physical and psychological harm that can result from indecent sexual acts committed upon their person or in their presence.
In opposition the defense argues that without a narrowing interpretation, the statute is clearly vague and overbroad because the terms "lewd and lascivious" and "in the presence of" are not defined with sufficient definiteness that an ordinary person can understand what conduct is prohibited. The defendant contends, for example, that under the state's broad interpretation, the statute's language would potentially encompass all sexual relations conducted by the child's parents in the home. In the defense's view, then, the statute intends to protect children in two ways: (1) to prevent them from being harmed either physically or psychologically from exposure at an early age to sexual matters; and/or (2) to keep them from being used as objects of an older person's sexual gratification. To accomplish these purposes in a manner which would provide constitutionally sufficient notice of what conduct is proscribed, the defendant suggests a narrowing construction as follows: indecent behavior with juveniles is "the commission of any sexual acts upon the physical person or in the physically conscious presence of the juvenile as a prerequisite to the intention of arousing or gratifying the sexual desires of either person."
A statute is vague if its meaning is not clear to the average citizen or if an ordinary person of reasonable intelligence is incapable of discerning its meaning and conforming his conduct to it. State v. Barthelemy, 545 So.2d 531, 532-533 (La.1989); State v. David, 468 So.2d 1126, 1128-1129 (La.1984); State v. Broom, 439 So.2d 357, 359 (La.1983). Further, a statute must provide adequate standards by which guilt or innocence may be determined so that an individual's fate is not left to the unfettered discretion of law enforcement. Muschkat, 97-2765 at p. 6, 706 So.2d at 432 (citing Kolender v. Lawson, 461 U.S. 352, 358, 103 S.Ct. 1855, 1859, 75 L.Ed.2d 903 (1983)). Longstanding Louisiana law holds that "vagueness challenges to statues which do not invoke First Amendment freedoms must be examined in the light of the facts of the case ... [a] defendant engaged in conduct clearly described in a statute cannot complain of the vagueness of the statute as applied to others ... [a] defendant [therefore] may not establish that a statute is unconstitutionally vague by speculating about hypothetical conduct which could also be prosecuted under the same statute." State v. Hair, 00-2694, p. 5 (La.5/15/01), 784 So.2d 1269, 1273) (citing State v. Boyd, 97-0579, p. 2 (La.4/14/98), 710 So.2d 1074, 1076) ("[A] vagueness challenge to a statute must be examined in the light of the facts of the case ... and as applied to the particular defendant ... [who] must show at trial that the statute lacks specificity as to his behavior.")).
In the present case, then, the trial court erred when it speculated about the possible application of La. R.S. 14:81(A) in *15 cases in which the juvenile is in an adjoining room, whether the door remains opened or closed, or elsewhere in a family home. Unlike those hypothetical situations considered by the trial court, in this case, the child was unquestionably in physical proximity of the defendant by virtue of being within the same room as the defendant while he masturbated.
Nonetheless, the trial court raised two pertinent questions about the statute applicable to the facts in this case regarding the meaning of "presence" as used in La. R.S. 14:81(A): first, whether the child not only must be present, but must also be conscious of the sexual activity taking place, or at least capable of becoming conscious of the activity; second, whether the presence of the child must constitute an integral component of the sexual gratification sought by the person engaged in masturbation. The trial court's doubts as to the answers to both of these questions led it to conclude that the statute does not provide fair notice to a person in defendant's position of what conduct was proscribed and therefore also fails to provide an adequate standard to a trier of fact by which to measure guilt or innocence.

"Lewd and Lascivious"
As noted by the state, this court has previously addressed and rejected the defendant's challenge to the language incorporated in La. R.S. 14:81(A) in State v. Holstead, 354 So.2d 493, 497-98 (La.1977). In Holstead, this court reaffirmed its prior jurisprudence that the statute provides fair notice that the defendant "is charged with having done an act upon the person of a juvenile which is lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and relating to sexual impurity or incontinence carried on in a wanton manner." 354 So.2d at 498 (internal quotation marks and citation omitted). Further, as the Reporter's Comment to La. R.S. 14:81(A) observes, the state encompasses not only the physical touching of the victim in an indecent manner, but also "indecent sexual displays in the presence of children under the age of seventeen." Thus, pretermitting the question of whether the act of masturbation is lewd and lascivious in and of itself, the statute clearly provides sufficient notice that a person knowingly engaged in any overt sexual activity performed in the physical proximity of a child enters a zone of danger in which he runs the risk that a trier of fact may later find that activity criminal in nature. See, State v. Gill, 441 So.2d 1204, 1207 (La. 1983). Thus, the trial court erred in holding La. R.S. 14:81(A) as unconstitutionally vague, overbroad, and ambiguous, by its failure to define the terms "lewd and lascivious" and defendant's challenge to the statute on this ground is without merit.

"In the Presence of"
However, the question remains whether mere physical presence or proximity alone satisfies the requirement that the sexual display take place "in the presence of" a child or whether a sensory awareness must accompany the physical proximity. Keeping in mind that any narrowing construction given to the statute must remain consistent with the overall purpose behind the legislation, a review of the legislative history of the statute is helpful. Muschkat, 97-2765 at 10, 706 So.2d at 434. Such a review shows that La. R.S. 14:81(A) is intended "to apply to behavior which falls short of intercourse [when] carried on with young children." 1942 La. Acts 43 § 81 (Official Comment). Thus, the legislative history shows a compelling state interest in protecting children from the physical and psychological harm that can result from sexual acts committed "upon the person" of the child and the *16 psychological impact that having such acts committed in their presence may cause.
In this case, the sexual display at issue was not accompanied by a sexual touching; that is, no offense was committed "upon the person" of the child. Thus, the state's contention that the child need not be aware of the sexual act at issue here conflicts with the legislative intent behind the statute when no physical touching of the child occurs. Likewise, the defendant's contention that a nexus must exist between the presence of the child and the sexual act is contrary to the legislative intent behind the statute because the child need not be a stimulus for the sexual display in order to be psychologically harmed from having such a display committed in his or her presence.
Accordingly, we find that the complete definition of "presence" encompasses sensory awareness as well as physical proximity. The legal usage of the word "presence" denotes something more than being in the immediate vicinity; it is the viewing or awareness of an act that gives legal significance to the term. Such a construction is appropriate, as, in the past, Louisiana courts have interpreted "presence" in other legal contexts as encompassing more than mere physical proximity. See, e.g., In re Succession of Smith, 01-930 (La. 5 Cir. 1/15/02),806 So.2d 909 (statutory requirement that testator must sign will in presence of two attesting witnesses and notary interpreted to mean that each witness and notary must see the testator sign). Further, such a construction serves the legislative intent of preventing the psychological harm that witnessing such sexual displays can cause.
Therefore, in this case, in furtherance of the legislative purpose of the statute, and taking the language at issue in the context of the statute as a whole, this court holds that in the absence of a physical touching upon the person of the child, La. R.S. 14:81(A) requires the knowing commission of a sexual act such that the child sees or senses that a sexual act is taking place, even if the child is not able to articulate or even comprehend what the offender is doing, for a violation to occur.
Accordingly, the trial court erred in ruling La. R.S. 14:81(A) unconstitutionally vague by essentially preempting the trier of fact's role in determining whether the child saw or sensed that a sexual act was taking place. Under a proper limiting construction, a child is "present" for purposes of La. R.S. 14:81(A) if the state can demonstrate not only the physical proximity of the child but also that the child saw or sensed the offender's actions. In the instant case, although the state has not yet provided any evidence of such sensory awareness, it remains a question of fact for a jury.

Penalty Range
Because the trial court granted the defendant's motion to quash, it did not address the defendant's argument that the penalty range provided by La. R.S. 14:81 for the offense, a maximum term of imprisonment at hard labor for not more than seven years, is excessive. A defendant may challenge the penalty range of the offense for which he has been charged although he has not yet been convicted, and the defendant raises the argument in brief before this court. State v. Baxley, 94-2982, pp. 4-5 (La.5/22/95), 656 So.2d 973, 976-77. The defendant argues that a potential sentence of seven years imprisonment at hard labor for the conduct which he admitted to the police, accompanied by registration as a sex offender under La. R.S. 15:542, appears grossly disproportionate to his conduct of masturbating in physical proximity of a child too young to understand *17 what was happening even if she observed it.
However, under the limiting construction outlined above, a verdict of guilty in this case would reflect a finding that the child did have sensory awareness of the sexual act. Given the compelling state interest in protecting its young from abuse at the hands of adults, a maximum term of seven years at hard labor does not appear grossly disproportionate to the offense and may serve a salutary purpose of separating father and daughter and forestalling other, and perhaps more serious, instances of sexual misconduct. Thus, defendant's challenge to the penalty provision of the statute is without merit.

CONCLUSION
After considering the language in La. R.S. 14:81(A), read as a whole, we hold the phrase "in the presence of" to encompass sensory awareness as well as physical proximity. In the instant case, although the state has not yet provided any evidence of such a sensory awareness, it remains a question of fact for a jury.

DECREE
For the foregoing reasons, we find that the lower court erred in considering attenuated hypothetical applications of La. R.S. 14:81(A) in ruling the statute unconstitutional and we find a narrowing construction of the statute provides adequate notice to a person of ordinary intelligence and understanding of what conduct is proscribed and an adequate evidentiary standard for jurors to determine guilt or innocence. Accordingly, we reverse the district court's finding that La. R.S. 14:81(A) is unconstitutional and remand for further proceedings.
DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.
CALOGERO, C.J., dissents and assigns reasons.
KNOLL, J., concurs in the result with reasons.
CALOGERO, Chief Justice, dissents and assigns reasons.
Under the "void-for-vagueness" doctrine, a criminal statute must meet two requirements to satisfy due process: (1) adequate notice to individuals that certain contemplated conduct is proscribed; and (2) adequate standards for those charged with determining the guilt or innocence of an accused. State v. Union Tank Car Company, 439 So.2d 377 (La.1983); State v. Dousay, 378 So.2d 414 (La.1979). In connection with the requirement of adequate notice, this court has held that a penal statute must describe unlawful conduct with sufficient particularity and clarity that ordinary people of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. State v. Baron, 416 So.2d 537 (La.1982); State v. Payton, 361 So.2d 866 (La.1978). As to adequate standards, the United States Supreme Court has held that a criminal statute must not admit of such arbitrary and discriminatory application as to allow judges and juries to pursue their personal predilections as to what conduct is or is not proscribed. Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). A statute that fails to establish minimal, objective guidelines sufficiently distinct to administer the law impartially and in accord with the legislative will cannot withstand constitutional scrutiny. Smith v. Goguen, supra; State v. Union Tank Car Company, supra; City of Baton Rouge v. Norman, 290 So.2d 865 (La.1974).
In this case, the majority and the concurring justice agree that the statute as *18 written is vague and unconstitutional unless "a narrowing construction" is given to the meaning of the words "in the presence of." While that may be true, I do not agree that the majority's "narrowing construction of the statute provides adequate notice to a person of ordinary intelligence and understanding of what conduct is proscribed." Ante, p. 11. Nowhere in State v. Muschkat, 96-2922 (La.3/4/98), 706 So.2d 429, cited by the majority, did we hold that "a narrowing construction" could provide adequate notice of what conduct is proscribed and punishable, in order to save from unconstitutionality a vague or ambiguous statute. In fact, in Muschkat, we declined to read into the drug-traffic loitering statute, La.Rev.Stat. 40:981.4, a specific intent element so as to render that statute not vague. We reasoned that, "[w]hile we recognize our duty to interpret statutes in a manner consistent with our state and federal constitutions, we may only preserve a statute by a constitutional construction provided that the saving construction is a plausible one." 96-2922, p. 10, 706 So.2d at 434. We declined to read a specific intent requirement into the statute under issue there "because to do so would not be plausible." Id., p. 11, 706 So.2d at 434-35.
However, the majority today, ignoring its own statement that criminal statutes must be strictly construed and that any ambiguity must be resolved in favor of the accused, Ante p. 13, reads into La.Rev. Stat. 14:81(A) a scienter element of "sensory awareness" on the part of the child, as well as the child's physical proximity. And the source of this element is, surprisingly, a succession case that held that witnesses must actually see a testator sign the will. Ante, p. 16 (citing Succession of Smith, 01-0930 (La. 5 Cir. 1/15/02), 806 So.2d 909). The majority completely omits any discussion of whether the construction it formulates today is plausible or of whether the statute, unless refashioned by the majority, gives adequate notice of the proscribed conduct. Instead, the majority simply concludes that its reading of the statute comports with the intent of the legislature.
Whether the legislature intended there be a sensory awareness on the part of the child or a nexus between the offender's sexual gratification and the presence of the child, I find the majority's legal reasoning unfortunate in that the majority in its zeal to uphold a criminal statute as constitutional essentially chooses to engage in curative legislation rather than function more appropriately as a judicial body ruling on the constitutionality of the statute. In my view, the court should simply uphold the lower court's finding that the statute is unconstitutionally vague and allow the legislature to rewrite the statute as it sees fit.
Perhaps after publication of the majority's opinion a prospective violator of the statute, if he can know about and learn of the opinion and its "narrowing construction," may inform himself of the provisions of the then non-vague-as-narrowed statute and its prohibited conduct. How that helps this accused individual know of the statutory proscriptions on the date of his conduct, well preceding this opinion, I cannot fathom. Saving the prospect of a conviction of the person here charged with masturbating in the same room in which his ten-month-old daughter was playing, or sleeping, conceivably serves an acceptable purpose. But at the cost of disrespect for applicable legal and constitutional principles, it is hardly defensible.
KNOLL, Justice, concurring.
I agree with the majority that the lower court erred in considering attenuated hypothetical applications of La.Rev.Stat. *19 14:81(A) in ruling the statute unconstitutional and that a narrowing construction of the statute provides adequate notice to a person of ordinary intelligence and understanding of what conduct is proscribed and an adequate evidentiary standard for jurors to determine guilt or innocence. However, in my view the majority errs in holding that the phrase "in the presence of" requires the State to prove not only the physical proximity of the child, but also that the child saw or sensed the offender's actions.
The district court did raise two pertinent questions about the statute that had previously been unanswered by this court's jurisprudence, namely: (1) whether the child not only must be present but must also be conscious of the sexual activity taking place, or at least capable of becoming conscious of the activity; and (2) whether the presence of the child must constitute an integral component of the sexual gratification of the offender. The state's position is that mere physical presence or proximity alone satisfies the "in the presence of" requirement. Defendant argues that a nexus must also exist linking the conscious presence of the child and the sexual gratification of the individual indulging in the lewd or lascivious act.
The state's broad reading of the statute would encompass situations in which the presence of the child is entirely fortuitous and not brought about by any deliberate conduct by the defendant (e.g., accidental or inadvertent discovery by the child of the defendant masturbating in apparent privacy) or in which the presence of the child has no connection to sexual arousal or gratification (e.g., parents surreptitiously engaging in sex in the same room as an infant in a crib). I agree with the majority that for cases which involve a sexual display without an accompanying sexual assault, La.Rev.Stat. 14:81 requires a defining and narrow construction. In my view, the narrow construction can be accomplished by requiring a nexus between the child's presence and the defendant's sexual gratification, i.e., the knowing commission of a sexual act in which the presence of a child is either an active or passive stimulus for the adult's sexual activity and a component of his or her sexual gratification, without regard to whether the child sees or senses that a sexual act is taking place. This construction conforms more closely to the legislative purpose of the statute because the Legislature intended to "cover[ ] indecent sexual displays in the presence of children under the age of seventeen." 1942 La. Acts 43 § 81 (Official Comment).
Previously, this court has addressed the contention that the words "lewd" and "lascivious" contained in La.Rev.Stat. 14:81 were vague and indefinite. In holding the terms were certain and definite enough to withstand constitutional attack, this court stated: "the necessity that the act be committed with the intent of arousing sexual desires gives to the words an even more confined meaning." State v. Holstead, 354 So.2d 493, 498 (La.1977). I find this also applies to a construction of the word presence; the requirement that the act performed in the presence of any child be with the intention of arousing or gratifying the sexual desires of either person gives to the word "presence" a confined meaning, and is adequate to provide notice to a person of ordinary intelligence and understanding of what conduct is proscribed and an adequate evidentiary standard for jurors to determine guilt or innocence. The requirement that the act be done with the intention of arousing or gratifying the sexual desires of either person is sufficient to narrow the construction to avoid constitutional problems, and to avoid prosecution of persons for which the statute was not intended to apply.
*20 The majority's interpretation, by requiring that in the absence of a physical touching the child must see or sense that a sexual act is taking place, reads a requirement into the statute that was not intended by the legislature. Criminal statutes are to be given a genuine construction according to the fair import of their words, taken in their usual sense, in context, and with reference to the purpose for the provision. La.Rev.Stat. 14:3; State v. Muschkat, 96-2922, p. 5 (La.3/4/98), 706 So.2d 429, 432 (emphasis added). A construction of "presence" to require that the child see or sense that a lewd or lascivious act is being committed is contrary to the legislative intent in enacting La.Rev.Stat. 14:81, which is to prohibit adults from using children, either actively or passively, as stimulants for the adult's sexual activity. Any narrowing construction given to the statute must remain consistent with the overall purpose behind the legislation. Muschkat, 96-2922 at 10, 706 So.2d at 434.
Further, the majority's interpretation decriminalizes conduct that heretofore was prohibited by the statute, e.g., a defendant masturbating while standing over a child sleeping in her crib; or a defendant who, under the pretext of playing a game with the child, induces the young child to wear a blindfold and then proceeds to masturbate, utilizing the child as a sexual stimulus but not touching the child. In both scenarios, the children are completely unaware that they have become an integral component of a sexual scenario staged by the defendant with the intention of gratifying his own sexual desires.
Moreover, the majority's interpretation places an undue burden of proof on the State that was not required by the statute, namely, to show that the child either saw the sexual act or was aware of the sexual act.
In my view, the majority's construction of the statute seriously diminishes the compelling state interest of protecting children from becoming objects of adult sexual gratification. Accordingly, for these reasons I concur only in the result.
NOTES
[1] Although the trial court refers to the defendant as "Christian," as does the state, defense counsel repeatedly and consistently refer to the defendant as "Cristhian" rather than "Christian." Further, defendant signs his name as "Cristhian." Accordingly, this opinion refers to the defendant as "Cristhian."
[2] The trial court neither addressed nor ruled upon on the defendant's contention that La. R.S. 14:81(A) violates his Art. I, § 5 right to privacy under the Louisiana Constitution. Further, this issue was neither briefed nor argued before this court. Consequently, we do not address the issue of whether La. R.S. 14:81(A) violates the defendant's Art. I, § 5 right to privacy under the Louisiana Constitution.
[3] The text of the relevant portion of the trial court's ruling is as follows:

In this case, the defendant was masturbating and watching pornography in his home while his infant child was in the room. There is no indication that the infant child was aware of the defendant's acts, nor that the defendant performed these acts because the infant child was in the room; nor that the infant's presence in the room was necessary for the defendant to achieve arousal or sexual gratification. Remove the infant child from the room and we are left with an individual performing what is considered a normal and legal activity in the privacy of his home.
The phrase "presence of any child" also leaves to question whether the child must be physically present in the same room as the actor. Would the defendant's actions still have violated R.S. 14:81 if he had been masturbating and watching pornography in the TV room while the infant child slept in an adjoining bedroom with the door either open or closed? Go beyond this case, are the parents violating [R.S.] 14:81 when they engage in otherwise normal and legal sexual acts while their child lays, be it asleep or awake, in the same room, or in the same house? By a reading of [R.S.] 14:81, the court does not know.
Vague also is the requirement that the act be for the purpose of arousal or sexual gratification of either person. It can be assumed that whenever an individual masturbates it is done to accomplish the goal of arousal or sexual gratification. Under [R.S.] 14:81, is that enough? [....] Is it sufficient that arousal or gratification was achieved, or is something more required, must the presence of the child be integral to that arousal or gratification, that is, without the child present, would the arousal or gratification not have occurred? Again, the court does not know.