# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-487


STATE OF LOUISIANA

VERSUS

AVIS RENEA TRAHAN


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 297,048
HONORABLE PATRICIA E. KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

**CONVICTION REVERSED. SENTENCE VACATED AND SET ASIDE. JUDGMENT OF ACQUITTAL RENDERED.**

**James C. Downs**
**District Attorney**
**Monique Yvette Metoyer**
**Assistant District Attorney**
**Post Office Box 1472**
**Alexandria, LA   71301**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, LA   71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Avis Renea Trahan**

Avis Renea Trahan
LCIW
Post Office Box 26
St. Gabriel, LA   70776

**AMY, Judge.**

The State alleged that the defendant and her boyfriend engaged in inappropriate behavior with an eleven-year old child visiting their home. A jury convicted the defendant, as well as her boyfriend, of one count of indecent behavior with a juvenile. The trial court sentenced the defendant to serve two years at hard labor, without benefit of parole, probation or suspension of sentence. The defendant appeals. Finding insufficient evidence to support the conviction, we reverse the defendant's conviction, vacate and set aside the sentence imposed, and enter a judgment of acquittal.

### Factual and Procedural Background

The underlying criminal investigation commenced on August 4, 2008, when C.Y.[1] contacted authorities and alleged that A.W., her eleven-year-old daughter, was improperly touched during the child's overnight visit[2] at the home of Avis Renea Trahan and Ms. Trahan's boyfriend, Tracy Bowie.[3] A forensic interviewer with the Rapides Children's Advocacy Center subsequently interviewed A.W. regarding the alleged touching. According to the interviewer, A.W. marked on an anatomical drawing of a female body, marking those areas where she was allegedly touched by Ms. Trahan and Mr. Bowie. Both Ms. Trahan and Mr. Bowie denied the allegations when interviewed by Rapides Parish Sheriff's Department detectives.

---

[1] We use the initials of the victim and her mother in order to protect the victim's identity pursuant to La.R.S. 46:1844(W).

[2] The State alleged that the visit was on July 25, 2008.

[3] Mr. Bowie was a co-defendant in this matter. We separately address the appeal of his conviction and sentence. *See State of Louisiana v. Tracy Wayne Bowie*, 11-869 (La.App. 3 Cir. 12/7/11), _ So.3d _. The record indicates that, at the time of trial, Ms. Trahan and Mr. Bowie had married. For discussion purposes, we retain Ms. Trahan's name as it appears at the time of the alleged offense.

A grand jury ultimately charged Ms. Trahan and Mr. Bowie with one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81. At the joint trial of the defendants, the State elicited testimony from A.W. indicating that she visited the couple's home alone for an overnight visit, was not allowed to leave upon her request, and was given medication that made her drowsy. She explained that, upon awakening in the couple's bed, she was touched on the chest by Mr. Bowie.

A.W. claimed that, the next morning, she was bathing when Mr. Bowie entered the bathroom and "started washing" her. She testified that, during this occurrence, he touched her "chest area," "stomach," and "thighs." A.W. testified that Mr. Bowie told her to "stop" when she kicked and screamed. Later, she dressed and went to summer school. The State argued that the nature of the touching(s) demonstrated the lewd or lascivious nature of the events and, during its closing argument, alleged that a shopping trip to Wal-Mart was undertaken "to keep [A.W.] quiet."

Following the proceedings, the jury convicted both defendants as charged. At Ms. Trahan's sentencing hearing, the trial court imposed the mandatory minimum sentence of two years at hard labor without benefit of parole, probation, or suspension of sentence.

Ms. Trahan appeals.

**Discussion**

*Sufficiency of the Evidence*

In her sole assignment of error, Ms. Trahan argues that the State provided inadequate evidence to support a determination that she committed indecent behavior with a juvenile. As it relates to this case, La.R.S. 14:81 defines the offense as follows:

2

> A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
>
> (1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense[.]

Although the text of La.R.S. 14:81 does not provide a specific definition of "lewd" or "lascivious," the supreme court has determined that the statute "provides fair notice that the defendant 'is charged with having done an act upon the person of a juvenile which is lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and relating to sexual impurity or incontinence carried on in a wanton manner.'" *State v. Interiano*, 03-1760, p. 7 (La. 2/13/04), 868 So.2d 9, 15 (quoting *State v. Holstead*, 354 So.2d 493, 498 (La.1977)). Further, according to the terms of La.R.S. 14:81(A), the State must prove that the defendant perpetrated the act with "the intention of arousing or gratifying the sexual desires of either person[.]"

In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the State in its consideration of whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). *See also State v. Strother*, 09-2357 (La. 10/22/10), 49 So.3d 372. In doing so, an appellate court will only impinge on the factfinder's discretion and its role of assessing witness credibility to the extent necessary to guarantee due process of law. *Strother*, 49 So.3d 372 (quoting *State v. Mussall*, 523 So.2d 1305 (La.1988)). Employing the above standard, it is clear that the State failed to offer sufficient evidence to support Ms. Trahan's conviction.

We first note that the State established that A.W. was eleven years old at the time of the alleged offense and that Ms. Trahan was thirty-one years of age. Thus, there is no question regarding that portion of La.R.S. 14:81 concerned with the ages of either the victim or the perpetrator. However, the record does not contain sufficient evidence regarding the remaining elements of the State's burden of proof in its case against Ms. Trahan.

As set forth briefly above, the State relied on A.W.'s testimony regarding an overnight visit to the home of Ms. Trahan and Mr. Bowie. For purposes of review of Ms. Trahan's appeal, however, it is clear that A.W.'s description of the events at trial primarily related to Mr. Bowie insofar as she alleged a touching by Mr. Bowie when she awoke in the couple's bed and a subsequent touching by Mr. Bowie while she was taking a bath.

A.W. began her accounting of events by explaining that she thought that Ms. Trahan's children would be at the home when she arrived but that they were not. She testified that, when she asked to leave thereafter, the couple would not let her do so. A.W. further explained that the group ate dinner[4] and, when she reported feeling unwell, Ms. Trahan gave her medication[5] and she fell asleep on the sofa. She explained that she was wearing her own clothing when she fell asleep.

A.W. testified that, later and at some point,[6] she awoke in the couple's bedroom and that she was wearing an undershirt of Mr. Bowie and underwear. She explained that Mr. Bowie was in the bed with her and that he touched her

---

[4] A.W.'s testimony reveals alternatively that Ms. Trahan cooked dinner for the group at home, they ate at McDonald's, or they ate at McDonald's and then Ms. Trahan also cooked at home.

[5] Certain questioning at trial pertained to whether the medication was Benadryl and whether the medication was something that A.W. took for allergies.

[6] A.W. also testified that she first awoke during the night in a child's room. She explained that, later, she awoke in the couple's bed.

chest, underneath her clothing. When asked whether Ms. Trahan was present during the occurrence, A.W. explained only that she was "not sure where she was."

Similarly, with regard to the bathing incident the following morning, discussed more fully in Mr. Bowie's separate appeal, A.W. testified that Ms. Trahan was not present.

The transcript's only reference to conduct by Ms. Trahan occurred subsequent to questioning about a visit to Wal-Mart during the overnight visit.[7] While A.W. denied wearing or needing a bra at that time, she testified that Ms. Trahan took her to Wal-Mart to purchase a bra. The State then proceeded with the following colloquy:

Q      What kind of grade[s] do you make in school?

A      No F's but D's and C's.

Q      Okay. And I'm just asking, do you have any hearing problems?

A      Yes.

Q      Okay. And what do you have to have because of the hearing problem?

A      Hearing aids.

Q      Okay. And do you get them in any particular color?

A      Yes.

Q      All right. What color do you have now?

A      Now I'm going to go get a blue but I had pink.

Q      You had pink. Okay. *Now, while you were at the house did anything happen between you and Ms. Trahan?*

A      *Yes, she just touched my chest and - -*

Q      All right. Did you see her children there?

---

[7] A.W.'s testimony regarding the visit(s) to Wal-Mart with Ms. Trahan and/or Mr. Bowie is unclear in the record. She testified, alternatively, that the visit(s) occurred on the evening of her arrival and on the second day.

A    No.

(Emphasis added.)  Other testimony indicated that Mr. Bowie took A.W. to Wal-Mart again to return the bra because it did not fit.  The State did not return to this brief reference to Ms. Trahan's alleged touching of A.W.'s chest.[8]  Instead, during closing arguments, the State suggested to the jury that the couple purchased the bra for A.W. in order to "keep her quiet."

In its brief to this court, the State notes A.W.'s statement that Ms. Trahan touched her chest and that "it is apparent" that the jury believed A.W.  Further, the State contends that the jury "was able to view A.W.'s small stature and her lack of development physically, especially in her chest area."  It contends that the statement regarding the touching of the chest "accompanied the fact [A.W.] awoke in Appellant's bed with different clothing and the bath administered by Mr. Bowie, while Appellant was initially present [in] the home and then absented herself when he started bathing the victim, constituted lewd and lascivious acts."  It states that, although the victim screamed for help during the bathing incident, Ms. Trahan "did not come to her aid, because 'when he started bathing me she left'."  The State contends that, "[n]ot only were the acts taken in concert lewd and lascivious, but they were also intended to arouse the desires of Appellant and Ms. Bowie.  The two of them kept the victim against her will, when all Appellant's children were absent from the home."

However, with regard to Ms. Trahan, this is not a case that turns on a credibility determination.  The facts in the record, as reported above, result from all factual inferences being resolved in favor of the State, as is required by the *Jackson* standard of review.  There is, however, no evidence indicating that Ms. Trahan

---

[8] Otherwise, the record contains the anatomical drawing completed by A.W. at the Advocacy Center.  As testified to by the forensic interviewer at trial, A.W. marked the area where the defendant touched her.  She identified the area as the "chest."

6

perpetrated a lewd or lascivious act. Any evidence regarding a touching on the chest was limited and not fully explained. Neither did it establish that she acted in concert with Mr. Bowie in the perpetration of such an act. Instead, evidence regarding Ms. Trahan's presence during the time of the alleged acts and her role in these acts is unclear at best. While the State makes reference to Ms. Trahan leaving while Mr. Bowie was allegedly in the bathroom with A.W., the record contains no evidence regarding Ms. Trahan's knowledge of or acquiescence in that alleged event. Simply, the State did not further develop that line of questioning. Instead, the record only establishes her absence.

Accordingly, we find that the evidence was insufficient to support Ms. Trahan's conviction of indecent behavior with a juvenile or the lesser offense of attempted indecent behavior with a juvenile.

## DECREE

For the foregoing reasons, we reverse the defendant's conviction for indecent behavior with a juvenile and vacate and set aside the related sentence. A judgment of acquittal is rendered.

**CONVICTION REVERSED. SENTENCE VACATED AND SET ASIDE. JUDGMENT OF ACQUITTAL RENDERED.**